UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERONICA JANENE SCHMIDT,

Plaintiff,

v.

MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[1]

Defendant.

Case No. 1:23-cv-01240-HBK

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY [2]

(Doc. Nos. 13, 15)

Veronica Janene Schmidt ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits under the Social Security Act. (Doc. No. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 13, 15). For the reasons set forth more fully below, the Court grants Plaintiff's motion for summary judgment, denies Defendant's cross motion for summary judgment, and remands the

[1] The Court has substituted Martin O'Malley, who has been appointed the Acting Commissioner of Social Security, as the defendant in this suit. *See* Fed. R. Civ. P. 25(d).

[2] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 10).

matter to the Commissioner of Social Security for further administrative proceedings.

**I. JURISDICTION**

Plaintiff protectively filed for disability insurance benefits on February 17, 2021, alleging an onset date of July 6, 2020. (AR 197-203). At the hearing, Plaintiff amended to a closed period of disability ending November 1, 2021, the date Plaintiff returned to work. (AR 47). Benefits were denied initially (AR 63-85, 115-19), and upon reconsideration (AR 86-105, 121-26). Plaintiff appeared before an Administrative Law Judge ("ALJ") on July 8, 2022. (AR 43-62). Plaintiff was represented by counsel, and testified at the hearing. (*Id*.). The ALJ issued an unfavorable decision (AR 12-42), and the Appeals Council denied review (AR 1-6). The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

**II. BACKGROUND**

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 56 years old at the time of the hearing. (*See* AR 210). She completed twelfth grade. (AR 215). She lives with her husband and her mother. (AR 53). Plaintiff has work history for 38 years in child protective services as an administrative clerk. (AR 55, 58). Plaintiff left work after back surgery, returned a year later, and at the time of the hearing she was back working at her old job; however, she reported the job was going to end soon after the hearing because Plaintiff could no longer perform her job duties. (AR 48, 51). Plaintiff testified she could no longer work because of excruciating pain and an inability to take her pain and mental health medications at work in order to perform her job duties of standing, sitting down, lifting, pushing, and typing all day. (AR 48-52). She reported that since returning to work she misses roughly 50% of her scheduled work. (AR 50-51). She has difficulty sleeping and sometimes uses a cane. (AR 53, 56). Plaintiff testified that before she returned to work in November 2021, she was able to lift maybe 5 to 10 pounds due primarily to the issues with her back. (AR 56). She reported that the spinal stimulator installed during back surgery worked for two weeks, but she wants to have it removed as it is no longer working. (AR 48-49).

## III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV. FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V. ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has engaged in substantial gainful activity (SGA) since July 6, 2020, the alleged onset date, and as a result Plaintiff has not been under a disability, as defined in the Social Security Act, from November 1, 2021 through the date of the decision. (AR 18). However, as noted by the ALJ, "nonetheless, the following findings still apply to all periods since July 6, 2020, the alleged onset date, through the date of [the] decision, including periods when the [Plaintiff] was engaging in SGA and not engaging in SGA." (AR 18). At step two, the ALJ found that Plaintiff has the following severe impairment: lumbar spine degenerative disc disease. (AR 18). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 23-24). The ALJ then found that Plaintiff has the RFC to

> occasionally and frequently lift or carry a maximum of 10 pounds in light work as defined in 20 CFR 404.1567(b) except the claimant can stand or walk at least 6 hours in an 8-hour workday and sit for at least 6 hours in an 8-hour workday. The claimant can occasionally climb ramps, stairs, ladders, ropes, and scaffolds, frequently balance, stoop, kneel, and crouch, and occasionally crawl.

(AR 25). At step four, the ALJ found that Plaintiff capable of performing past relevant work as an administrative clerk. (AR 35). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from July 6, 2020, through the date of the decision. (AR 36).

## VI. ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issues for this Court's review: whether the ALJ properly considered the medical opinion of Dinesh Sharma, M.D. (Doc. No. 13 at 11-17).

## VII. DISCUSSION

### A. Medical Opinions

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is

required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must still provide an explanation supported by substantial evidence. *Id.* at 792. This means that the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Plaintiff argues the ALJ improperly evaluated the May 2022 medical opinion of treating physician Dinesh Sharma, M.D.[3] (Doc. No. 13 at 11-17). Dr. Sharma opined that Plaintiff would

[3] The ALJ found additional "statements" by Dr. Sharma unpersuasive. (AR 32-33 (citing AR 362 (advising no bending, lifting, or twisting until 3 months after surgery, and no driving until cleared), 555 (same), 640 (setting up accommodation to work from home up to 20 hours per week), 708 (general discharge summary advising to avoid bending, lifting, twisting and strenuous activity post-surgery), 1150

be off task 25% of a typical workday, able to maintain attention and concentration less than 1 hour before requiring a break, and would be absent more than 4 days per month on average as a result of medical impairments if she tried to work full time. (AR 1107). Dr. Sharma opined that Plaintiff can rarely lift 10 pounds or less, never lift twenty pounds or more, sit, stand, and walk less than one hour in an 8-hour workday, required the option to sit/stand at-will, occasionally use bilateral upper extremities, and rarely balance, stoop, kneel, crouch, crawl, and rotate head and/or neck. (AR 1108-09). In March 2022, Dr. Sharma also opined in a treatment note that Plaintiff could not lift more than 10 pounds. (AR 1084). The ALJ found these "statements" were not persuasive.

Specifically, the ALJ found Dr. Sharma's opinion was inconsistent with the "overall evidence" because he notes "diagnoses for which [he] has provided treatment" as left shoulder pain, bilateral elbow pain, and bilateral hand pain (AR 1084, 1096, 1107); however, Plaintiff "made no specific complaints at the hearing concerning the upper extremities," and "[w]hen asked at the hearing if anything else would interfere with her working other than what she testified to, the claimant responded, 'No.'" (AR 32, 57). Similarly, the ALJ found Dr. Sharma's "statements concerning functional limitations that are not associated with the bilateral upper extremities, such as with sitting and standing," "will not be analyzed and are as well [sic] unpersuasive" because Dr. Sharma's treatment of Plaintiff "concerned" the left shoulder, bilateral elbows, and bilateral hands. (AR 32). Plaintiff argues the ALJ "failed to engage in a proper analysis of the consistency and supportability factors of Dr. Sharma's opinion and instead summarily discredited it without due consideration – citing it as 'inconsistent with the overall evidence' and outside of Dr. Sharma's realm of treatment." (Doc. No. 13 at 13). The Court agrees.

As to the consistency factor, Defendant argues "the ALJ reasonably discredited Dr.

---

(general discharge instructions to avoid strenuous exercise, and no twisting turning, or lifting anything heavier than a fork)). As Plaintiff has not identified or challenged these "statements" in her opening brief, the Court declines to address them here. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court may decline to consider issues not raised with specificity in plaintiff's opening brief); *see also Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief).

Sharma's upper extremity limitations as inconsistent with the record, particularly Plaintiff's testimony showing that only her back condition impaired her from working. Such devaluation of a medical opinion that is inconsistent with the record as a whole is proper." (Doc. No. 15 at 7-8). Plaintiff argues the ALJ also generally found Dr. Sharma's "statements are inconsistent with the overall evidence" without considering "probative evidence" from the relevant adjudicatory period including surgical intervention and the need for and ambulation device. (Doc. No. 13 at 15; AR 32). When considering the medical opinion evidence, the ALJ must do more than state a conclusion; rather, the ALJ must "set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *Brown-Hunter*, 806 F.3d at 495 (a court "cannot substitute [the court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725. In addition, as noted above, the Ninth Circuit clarified that under the new regulations for considering medical evidence, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must 'articulate … how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how [it] considered the supportability and consistency factors' in reaching these findings." *Woods*, 32 F.4th at 792 (internal citations omitted).

Here, the ALJ fails to reference any specific objective or clinical medical source evidence from the "overall" record that is inconsistent with the precise limitations opined by Dr. Sharma, nor does the ALJ offer any explanation as to how any of the specific limitations opined by Dr. Sharma, including limitations on attention and concentration, attendance, sitting, standing, walking, lifting, using her hands, and postural activities, are inconsistent with the longitudinal medical evidence from the relevant period. (*See* AR 32, 1107-110). Thus, while the revised regulations direct the ALJ to consider both the medical and "nonmedical" sources in evaluating

the consistency factor (20 C.F.R. §§ 404.1520c(c)(2)), the ALJ's reliance on Plaintiff's testimony that her inability to lift more than 5 to 10 pounds was "primarily due to the issues with [her] back" and her response of "No" to the question "is there anything else that you would believe would interfere with [her] continuing to work" (AR 56-57) as the sole reason to discount all of the limitations opined by Dr. Sharma because he acknowledged treating her for primarily for upper extremity complaints, does not rise to the level of substantial evidence to wholesale reject the opined limitations.

As to the supportability factor, Defendant argues because the limitations assessed by Dr. Sharma were based upon his diagnoses regarding Plaintiff's shoulder and bilateral elbows and hands, "the ALJ correctly reasoned that Dr. Sharma's opinion concerning Plaintiff's functional limitations for areas other than her upper extremities lack supportability." (Doc. No. 15 at 8). As an initial matter, the Court notes that the Dr. Sharma's report lists bilateral hands and elbows and left shoulder as the conditions for which he provided treatment, but in contrast to Defendant's conclusory statement, the report does not explicitly indicate the assessed limitations were "based upon" those diagnoses. (AR 1107). Plaintiff cites several of Dr. Sharma's treatment records noting foot pain and Plaintiff's history of back injury. (Doc. No. 13 at 17-19 (citing AR 416, 1088, 1104)). In response, Defendant cites Dr. Sharma's treatment records "focusing" on Plaintiff's shoulder and elbow pain and a July 2021 examination by Dr. Sharma observing no back pain and normal motor strength; and Defendant further argues Dr. Sharma's opinion is less probative as it was issued after the relevant adjudicatory period closed. (Doc. No. 15 at 9-10 (citing AR 394 (noting recovering from back surgery and doing "fair" on left shoulder), 400 (noting pain in wrists and hands, and lower spine symptoms for which she has an appointment with orthopedics), 425 (treating for shoulder impingement post shoulder surgery), 427 (same), 439-50 (same), 661 (examination noting no back pain, normal motor strength in all extremities, and intact sensory exam), 1083-84 (noting history of back injury, treating complaint of bilateral hands and elbows pain), 1090 (same), 1096-98 (treating for shoulder pain)); *cf. Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) ("medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition.").

Under the revised regulations, "the more relevant the objective medical evidence and supporting explanations *presented by a medical source* are to support" the medical opinion, the more persuasive the medical opinion will be. 20 C.F.R. § 416.920c(c)(1) (emphasis added). Here, the portions of Dr. Sharma's treatment notes referenced by Defendant were not cited by the ALJ as part of a supportability analysis, nor did the ALJ find Dr. Sharma's opinion less persuasive because it was outside of the relevant adjudicatory period. (See AR 32); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). Regardless, as noted by Plaintiff (Doc. No. 13 at 16), the ALJ fails to offer any "meaningful analysis" of the supportability of Dr. Sharma's treating opinion. Rather, to the extent he explicitly considers the supportability factor, the ALJ appears to rely entirely on the treatment relationship between Plaintiff and Dr. Sharma, as opposed to any discussion of the objective evidence and explanation, or lack thereof, by Dr. Sharma in support of his opinion. 20 C.F.R. § 416.920c(c)(1). While the purpose of the treatment and extent of the treatment relationship are appropriate factors for the ALJ to consider under the new regulatory framework, these cannot be the sole or determinative factors in considering medical source opinions. 20 C.F.R. §§ 404.1520c(c)(1)-(5). Rather, it is well-settled that the ALJ must explain how it considered both supportability and consistency when evaluating the persuasiveness of a medical opinion. *Woods*, 32 F.4th at 792 ("[t]he agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2)."). For all of these reasons, the ALJ's supportability finding is not supported by substantial evidence.

Based on the foregoing, the ALJ's finding that Dr. Sharma's opinion was not persuasive is not supported by substantial evidence. On remand, the ALJ should reconsider Dr. Sharma's medical opinions, along with all relevant medical opinion evidence.

**B. Remedy**

Plaintiff argues the Court should remand the case with instructions to award benefits, or in

the alternative, remand for further administrative proceedings. (Doc. No. 13 at 17-18). The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs*., 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin*., 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered the medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. On remand, the ALJ should reevaluate the medical opinion evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

2. Defendant's Cross Motion for Summary Judgment (Doc. No. 15) is DENIED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.
4. An application for attorney fees may be filed by separate motion within thirty (30) days.
5. The Clerk shall enter judgment in favor of Plaintiff, terminate any motions and deadlines, and close this case.

Dated: September 25, 2024

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE