1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VERONICA JANENE SCHMIDT,                Case No.  1:23-cv-01240-HBK[1]

12              Plaintiff,                   ORDER GRANTING AWARD AND
                                             PAYMENT OF ATTORNEYS FEES UNDER
13        v.                                 THE EQUAL ACCESS TO JUSTICE ACT

14   MARTIN O'MALLEY,                        (Doc. No.  18)
     COMMISSIONER OF SOCIAL
15   SECURITY,

16              Defendant.

17

18        Pending before the Court is the parties' stipulated motion for award of attorney's fees

19   filed on December 19, 2024.  (Doc. No. 18).  The parties agree to an award of attorney's fees and

20   expenses to Plaintiff's attorney, Stuart T. Barasch of the Olinsky Law Group, in the amount of

21   $6,567.68 in attorney fees and expenses, pursuant to the Equal Access to Justice Act ("EAJA"),

22   28 U.S.C. § 2412, and $402.00 in costs, pursuant to 20 U.S.C. § 1920.  (*Id*.).

23        On September 25, 2024, this Court granted Plaintiff's motion for summary judgment and

24   remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for

25   further administrative proceedings.  (Doc. No. 16).  Judgment was entered the same day.  (Doc.

26   _____

27   [1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C.
     §636(c)(1).  (Doc. Nos. 10).

28

1   No. 17).  Plaintiff now requests an award of fees as the prevailing party.  *See* 28 U.S.C. § 2412(a)

2   & (d)(1)(A); Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920; *cf. Shalala v. Schaefer*, 509 U.S.

3   292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42

4   U.S.C. § 405(g) is a prevailing party).  The Commissioner does not oppose the requested relief.

5           The EAJA provides for an award of attorney fees to private litigants who both prevail in

6   civil actions (other than tort) against the United States and timely file a petition for fees.  28

7   U.S.C. § 2412(d)(1)(A).  Under the Act, a court shall award attorney fees to the prevailing party

8   unless it finds the government's position was "substantially justified or that special circumstances

9   make such an award unjust."  *Id*.  Here, the government did not show its position was

10   substantially justified and the Court finds there are not special circumstances that would make an

11   award unjust.

12           Based on the stipulation, the Court finds an award of $6,567.68 in attorney fees and

13   $402.00 in costs, is appropriate.  EAJA fees, expenses, and costs are subject to any offsets

14   allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 532 U.S.

15   1192 (2010).  If the Commissioner determines upon effectuation of this Order that Plaintiff's

16   EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or

17   otherwise transmitted to Plaintiff's counsel.

18           Accordingly, it is **ORDERED:**

19           1. The stipulated motion for attorney fees and expenses (Doc. No. 18) is **GRANTED**.

20           2. The Commissioner is directed to pay to Plaintiff as the prevailing party EAJA fees in

21   the amount of $6,567.68 in attorney fees and expenses and $402.00 in costs.  Unless the

22   Department of Treasury determines that Plaintiff owes a federal debt, the government shall make

23   payment of the EAJA fees to Plaintiff's counsel, Stuart T. Barasch of the Olinsky Law Group, in

24   accordance with Plaintiff's assignment of fees and subject to the terms of the stipulated motion.

25   Dated:    December 23, 2024

26                                                    HELENA M. BARCH-KUCHTA
                                                      UNITED STATES MAGISTRATE JUDGE
27

28

                                                      2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28